J-A21008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THAILA BANGURA, | |
| Appellee | No. 1379 EDA 2015 |

Appeal from the Order Entered April 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005184-2014

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 01, 2016**

The Commonwealth, as the appellant, appeals from the trial court's April 16, 2015 order denying its pretrial motion to admit 'bad act' evidence of other criminal conduct by Appellee, Thaila Bangura.[1]  After careful review, we affirm.

The trial court explained the procedural history of this case, as follows:

> On May 22, 2014, following a formal arraignment, Thaila Bangura … was held for court on several charges: Robbery, 18 Pa. C.S. §[]3701([a]1); Theft By Unlawful Taking, 18 Pa. C.S. §[]3921([a]); Receiving Stolen Property, 18 Pa. C.S. §[]3925([a]); Possession of an Instrument of Crime, 18 Pa. C.S. §[]907([a]); Simple Assault,  18 Pa. C.S. §[]2701([a]); Recklessly Endangering Another Person, 18 Pa. C.S. §[]2705; Carrying Firearms in Public in Philadelphia, 18 Pa. C.S. §[]6108;

_____

[1] The Commonwealth certified, in its notice of appeal, that the court's interlocutory order terminates or substantially handicaps its prosecution of this case.  **See** Pa.R.A.P. 311(d).

and, Firearms Not to Be Carried Without A License, 18 Pa. C.S. § [6106]([a])(1).

On April 14, 2015, [the Commonwealth] filed a Motion in Limine to Admit Other Crimes Evidence. Subsequent to an April 16, 2015, hearing thereon, this court denied [the Commonwealth's] Motion. On May 12, 2015, [the Commonwealth] filed a Motion for Reconsideration of this court's April 16, 2015, ruling. On May 15, 2015, [the Commonwealth] timely filed an Interlocutory Appeal to the Superior Court of Pennsylvania …. Simultaneously therewith, [the Commonwealth] filed a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On July 17, 2015, this court denied [the Commonwealth's] May 12, 2015, Motion for Reconsideration.

Trial Court Opinion (TCO), 12/8/15, at 1-2 (footnote omitted).

The trial court also summarized the pertinent facts leading to Bangura's arrest, and the facts underlying the Commonwealth's at-issue motion in limine to admit 'bad acts' evidence, as follows:

**The Case Before the Court**

The record reveals the facts of [Bangura's] matter currently before this court. On March 11, 2014, around 1:00[]a.m., [Matthew Brewer] was walking along Frankford Avenue in Philadelphia. It is alleged that [Bangura] approached [Brewer] from behind, pulled out a firearm, and ordered [Brewer] to turn and walk down McGee Avenue. As [Brewer] turned on to McGee Avenue, it is alleged that [Bangura] stepped in front of [Brewer], pointed the firearm at his face, and told [Brewer] to hand over his possessions. [Brewer] gave [Bangura] his wallet and cell phone. It is also alleged that [Bangura] took [Brewer's] headphones and bag. It is then alleged that [Bangura directed Brewer to run, upon which Brewer] ran northbound on Frankford Avenue and ultimately stopped at Cappy's Bar, located at Frankford and Longshore Avenues in Philadelphia. [Brewer] was able to flag down Philadelphia Police Officer … Krawczyk who was on routine patrol in the area. [Bangura] was not apprehended at this time.

The next day, March 12, 2014, Officer Ward arrived at 3356 Princeton Avenue in Philadelphia, in response to a citizen's

report that a firearm was found in the driveway, in the front of a motor vehicle. On March 13, 2014, [Brewer] identified [Bangura] in a photo array and also identified the firearm retrieved as the one allegedly used by [Bangura] in the robbery.

**Commonwealth's April 14, 2015, Motion to Admit Other Crimes Evidence**

[The Commonwealth] sought to admit evidence of other crimes. Specifically, approximately twenty-three (23) hours subsequent to the alleged crimes before this court, on the same day of March 11, 2014, at 11:50 p.m., in an unrelated incident, another complainant[, Patrick Dougherty,] was walking out of the same aforementioned Cappy's Bar. It is alleged that [Dougherty] noticed that he was being followed by [Bangura] and two (2) other men. It is alleged that [Bangura] and the two (2) men approached [Dougherty] at the 3300 block of Tyson Avenue in Philadelphia. It is further alleged that [Bangura] pointed a firearm at [Dougherty's] face and told him to put all of his property on the ground. It is also alleged that a physical altercation ensued and that [Dougherty] was struck in the head with a firearm. Officers Biles and Devlin, who were undercover on an unrelated burglary detail, noticed the altercation on the street, and exited their police vehicle. The Officers ran after [Bangura] and the other two (2) men. Officer Devlin apprehended one (1) of the other two (2) men. Officers Chichearo and Lipscomb, who were in the nearby area, apprehended the other man. Officer Biles chased [Bangura] but did not catch him. Forty-five (45) minutes later, one (1) of the Officers who was involved in the initial investigation saw [Bangura] and realized that he fit the flash description that Officers Biles and Devlin had previously announced over the police radio. This Officer then contacted Officers Biles and Devlin. Officers Biles and Devlin eventually apprehended and arrested [Bangura] at 4400 Torresdale Avenue in Philadelphia.

*Id.* at 3-4 (citations to the record omitted).

As stated *supra*, following a hearing on the Commonwealth's motion in limine to introduce evidence of Bangura's assault of Dougherty, the court ultimately denied the Commonwealth's motion. On appeal, the

Commonwealth avers that the trial court erred by refusing to admit that evidence.

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. **Commonwealth v. Malloy**, 579 Pa. 425, 856 A.2d 767, 775 (2004); **Commonwealth v. Reid**, 571 Pa. 1, 811 A.2d 530, 550 (2002). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Commonwealth v. Dillon**, 592 Pa. 351, 925 A.2d 131, 136 (2007) (citation omitted).

**Commonwealth v. Sherwood**, 982 A.2d 483, 495 (Pa. 2009).

Additionally, we recognize that:

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact. **Commonwealth v. Powell**, 598 Pa. 224, 956 A.2d 406, 419 (2008).

**Sherwood**, 982 A.2d at 497 (one internal citation omitted).

At the hearing on its motion, the Commonwealth argued that evidence of Bangura's assault on Mr. Dougherty was admissible "because it provides the *res gestae* or completes the story." N.T. Hearing, 4/16/15, at 12. To support its argument, the Commonwealth explained that a "similar

firearm" was used in the Dougherty assault, and that "the firearm was recovered within a half a block" of where officers pursued Bangura after seeing him assaulting Mr. Dougherty. *Id.* at 10, 12. It also stressed that Brewer later identified that gun as the one used by Bangura in robbing Brewer. *Id.* at 11. The Commonwealth contended that presenting the jury with all of these facts was necessary to provide the full story of Bangura's robbery of Brewer. On appeal, the Commonwealth reiterates this argument, asserting that "[e]vidence of [Bangura's] flight from the scene where he attacked [] Dougherty, leading to his arrest, the discovery of the gun he discarded and [] Brewer's identification of both [Bangura] and his distinctive gun was admissible as part of the chain or sequence of events which became part of the history of the case and the natural development of the facts at issue." Commonwealth's Brief at 11.

Preliminarily, the record confirms that the trial court will permit the Commonwealth to introduce evidence at trial concerning the following: the third-party's discovering the firearm and reporting it to police; Brewer's subsequent identification of the gun as the one used by Bangura in robbing Brewer; and Brewer's identification of Bangura from a photo array. *See* N.T. Hearing, 4/16/15, at 32. The Commonwealth will not be permitted to introduce evidence relating to Bangura's robbery/assault of Dougherty, or his flight from police. *Id.* at 34, 35.

The Commonwealth has not convinced us that the court's ruling was an abuse of discretion. The Commonwealth essentially concedes that

- 5 -

presenting evidence that Bangura *robbed* Dougherty would be too prejudicial to Bangura; consequently, it seeks to only present evidence that officers saw Bangura assaulting Dougherty. **See** Commonwealth's Brief at 14 (stating that it "voluntarily excised the fact that the Dougherty incident was also a robbery" and that it "excluded evidence of the robbery and offered evidence of only the assault"). However, we fail to see how the officers' observing Bangura, and two cohorts, assaulting Dougherty demonstrates the 'history' or 'complete story' of Bangura's earlier, single-handed robbery of Brewer.[2] The fact that Bangura allegedly robbed both Brewer and Dougherty, and used the same firearm during those offenses, does not render Dougherty's *subsequent* assault a "part of the chain or sequence of events" that led to Bangura's *prior* attack. **Commonwealth v. Lark**, 543 A.2d 491, 497 (Pa. 1988) (describing the '*res gestae*' or 'history of the case' exception to Rule 404(b)). Thus, the court did not abuse its discretion in concluding that the evidence of Bangura's robbery/assault of Dougherty was inadmissible.

We acknowledge, however, that there is a subsidiary issue that we must resolve. At the hearing on the motion in limine, the Commonwealth asked if the court "would allow the fact that the officer simply observed

---

[2] We note that although the Commonwealth maintains that a 'similar' firearm was used in both the Dougherty and Brewer incidents, nothing in the record before us demonstrates that Dougherty gave a description of the gun, or that he at any point identified the firearm recovered by officers on March 12, 2014, as the weapon Bangura used to strike him.

[Appellant] on the 3300 block of Princeton Street, … in a certain pattern of travel as the officers would describe, and then, ultimately, a day later a firearm was recovered in that area." N.T. Hearing at 33. Essentially, the Commonwealth sought to admit evidence that the officers observed Bangura in close proximity to where the gun was later located.

We recognize that this specific evidence would be probative in tying Bangura to the firearm. However, the Commonwealth has other, stronger evidence linking Bangura to the firearm - namely, Brewer's identification of that unique firearm as being the one that Bangura used to rob him. This other evidence linking the gun to Bangura lessened the probative value of the evidence that officers observed Bangura within half-a-block of where the gun was found. Ultimately, the trial court concluded that the prejudice Bangura would suffer from admitting the evidence of his robbery/assault of Dougherty, and his flight from police, outweighed the probative value of that evidence. The Commonwealth has failed to convince us that the court abused its discretion in that regard. Accordingly, we affirm the court's order denying the Commonwealth's pretrial motion to admit Bangura's 'bad acts' evidence.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2016